UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| MAURICE TIMOTHY FRANKLIN, | : | |
| TONYA NICOLE FRANKLIN, | : | CHAPTER 13 |
|    Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
|   STANDING CHAPTER 13 TRUSTEE | : | CASE NO. 1-25-BK-03601-HWV |
|    Movant | : | |
| | : | |
| MAURICE TIMOTHY FRANKLIN, | : | |
| TONYA NICOLE FRANKLIN, | : | |
|    Respondent | | |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 29th day of January 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

    1.    Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Plan payment calculation sum of Lines 34, 35, 36 and 45.
    b. Transportation ownership expense. Trustee requests verification of the amount on Line 13. Ownership expenses for vehicle(s) without lien not permitted. (Should be $0 paid via plan)
    c. Line 34 and Line 35 should be $0 these expenses are paid via the plan.

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Utility expenses are excessive - Verify.

    2.    Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

3. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid – 100%.

4. Debtor has not demonstrated that all tax returns have been filed as required by § 1325(a)(9). (2021, 2022, 2023, 2024 Federal Taxes)

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of Debtor(s)' Plan.
   b. Dismiss or convert Debtor(s)' case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R Roeder
Attorney for Trustee

2

Case 1:25-bk-03601-HWV    Doc 18    Filed 01/29/26    Entered 01/29/26 10:33:16    Desc
Main Document    Page 2 of 3

CERTIFICATE OF SERVICE

   AND NOW, this 29th day of January 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

JOSEPH QUINN, ESQUIRE
192 SOUTH HANOVER STREET
SUITE 101
POTTSTOWN, PA 19464-6096

                 /s/Ashley Schott
                 Office of Jack N. Zaharopoulos
                 Standing Chapter 13 Trustee