United States Bankruptcy Court

Middle District of Pennsylvania

In re:  
Maurice Timothy Franklin  
Tonya Nicole Franklin  
    Debtors

Case No. 25-03601-HWV  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1    User: AutoDocke    Page 1 of 3  
Date Rcvd: Jan 30, 2026    Form ID: pdf002    Total Noticed: 25

The following symbols are used throughout this certificate:  
**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^    Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 01, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Maurice Timothy Franklin, Tonya Nicole Franklin, 26 Vintage Lane, Hanover, PA 17331-9464 |
| cr | + | American Honda Finance Corporation, c/o Bernstein-Burkley, P.C., 601 Grant Street, 9th Floor, Pittsburgh, PA 15219, PA 15219 UNITED STATES 15219-4430 |
| 5767360 | + | Medstar Health Weight, Management, LLC, 1099 WInterson Road, Linthicum Heights, MD 21090-2216 |
| 5767585 | | State of Maryland, Central Collection Unit, 330 W Preston Street, First Floor, Baltimore, MD 21201 |
| 5767586 | | University of Baltimore, 1420 N Charles Street, Baltimore, MD 21201-5779 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5770152 | | Email/Text: ebnbankruptcy@ahm.honda.com | Jan 30 2026 18:42:00 | American Honda Finance Corporation, National Bankruptcy Center, P.O. Box 168088, Irving, TX 75016-8088 |
| 5767350 | + | Email/Text: aargon@ebn.phinsolutions.com | Jan 30 2026 18:42:00 | Aargon Agency Inc, Attn: Bankruptcy, 8668 Spring Mountain Rd, Suite 110, Las Vegas, NV 89117-4119 |
| 5767351 | + | Email/PDF: AffirmBKNotifications@resurgent.com | Jan 30 2026 18:51:33 | Affirm, Inc., Attn: Bankruptcy, 650 California St, Fl 12, San Francisco, CA 94108-2716 |
| 5767352 | + | Email/Text: ebnbankruptcy@ahm.honda.com | Jan 30 2026 18:42:00 | American Honda Finance Corp, Attn: Bankruptcy, Po Box 168128, Irving, TX 75016-8128 |
| 5767353 | + | Email/Text: bankruptcy@credencerm.com | Jan 30 2026 18:42:00 | Credence Resource Management, LLC, Attn: Bankruptcy, Po Box 2300, Southgate, MI 48195-4300 |
| 5767355 | | Email/Text: mrdiscen@discover.com | Jan 30 2026 18:42:00 | Discover Financial, Attn: Bankruptcy, Po Box 30943, Salt Lake City, UT 84130 |
| 5767354 | + | Email/Text: ElectronicBkyDocs@nelnet.studentaid.gov | Jan 30 2026 18:42:00 | Dept Of Education/neln, Po Box 82561, Lincoln, NE 68501-2561 |
| 5767356 | + | Email/Text: GSBankElectronicBankruptcyNotice@gs.com | Jan 30 2026 18:42:00 | Goldman Sachs Bank USA, Attn: Bankruptcy, Po Box 70379, Philadelphia, PA 19176-0379 |
| 5767357 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Jan 30 2026 18:42:00 | Internal Revenue Service, P.O Box 7346, Philadelphia, PA 19101-7346 |
| 5767358 | + | Email/Text: JCAP_BNC_Notices@jcap.com | Jan 30 2026 18:42:00 | Jefferson Capital Systems, Llc, Attn: Bankruptcy, 200 14th Ave E, Sartekk, MN 56377-4500 |
| 5767359 | ^ | MEBN | Jan 30 2026 18:40:52 | LoanDepot, Attn: Bankruptcy, P.O.Box 250009, Plano, TX 75025-0009 |
| 5767361 | | Email/PDF: cbp@omf.com | Jan 30 2026 18:51:26 | One Main Financial, 605 Munn Road, P.O. Box 70918, Charlotte, NC 28272-0918 |
| 5774254 | + | Email/PDF: cbp@omf.com | | |

| Recipient ID | | Delivery Method | Date/Time | Recipient Address |
|---|---|---|---|---|
| | | | Jan 30 2026 18:51:26 | OneMain Financial Group, LLC, PO Box 3251, Evansville, IN 47731-3251 |
| 5767362 | ^ | MEBN | Jan 30 2026 18:40:49 | RentDebt Automated Collections, Attn: Bankruptcy, Po Box 1367, Goodlettsville, TN 37070-1367 |
| 5767584 | | Email/Text: ccubankruptcy.notices@maryland.gov | Jan 30 2026 18:42:00 | State of Maryland, Central Collection Unit, PO Box 17277, Baltimore, MD 21297-0386 |
| 5767363 | + | Email/PDF: cbp@omf.com | Jan 30 2026 18:51:38 | Springlf Fin, Po Box 1010, Evansville, IN 47706-1010 |
| 5767364 | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Jan 30 2026 18:42:00 | US Attorney's Office, 615 Chestnut Street, Philadelphia, PA 19106-4490 |
| 5767419 | | Email/PDF: OGCRegionIIIBankruptcy@hud.gov | Jan 30 2026 18:51:32 | U.S. Department of Housing and Urban Development, 801 Market Street 12th Floor, Philadelphia, PA 19107 |
| 5776048 | + | Email/Text: bknotification@loandepot.com | Jan 30 2026 18:42:00 | loanDepot.com, LLC, 5465 Legacy Drive, Suite 400, Plano, TX 75024-3192 |
| 5767365 | ^ | MEBN | Jan 30 2026 18:40:55 | zZounds, 8 Thornton Rd, Oakland, NJ 07436-3116 |

TOTAL: 20

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2026          Signature:          /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 30, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| Joseph Quinn | on behalf of Debtor 1 Maurice Timothy Franklin CourtNotices@RQPlaw.com general@RQPlaw.com |
| Joseph Quinn | on behalf of Debtor 2 Tonya Nicole Franklin CourtNotices@RQPlaw.com general@RQPlaw.com |
| Keri P Ebeck | on behalf of Creditor American Honda Finance Corporation kebeck@bernsteinlaw.com btemple@bernsteinlaw.com;politicsci2@gmail.com;agilbert@bernsteinlaw.com;kebeck@ecf.courtdrive.com |
| Matthew K. Fissel | on behalf of Creditor LOANDEPOT.COM LLC bkgroup@kmllawgroup.com, wbecf@brockandscott.com |

United States Trustee  ustpregion03.ha.ecf@usdoj.gov

TOTAL: 6

Rev. 12/01/19

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
**Maurice Timothy Franklin**
**Tonya Nicole Franklin**

CHAPTER 13
CASE NO. ☐

☑ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☑ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

  **A.  Plan Payments From Future Income**

   1. To date, the Debtor paid $ **0** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**83,760.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1 | 60 | 1,396.00 | 0.00 | 1,396.00 | 83,760.00 |
| | | | | Total Payments: | $83,760.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

      ☑ Debtor is over median income. Debtor estimates that a minimum of $**4,574.40** must be paid to

allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
_____

**2. SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| LoanDepot | 26 Vintage Lane, Hanover, PA 17331, York County | 0182 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| LoanDepot | 26 Vintage Lane Hanover, PA 17331 York County | $13,732.25 | $0.00 | $13,732.25 |

2

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| American Honda Finance Corp. | 2022 Honda Accord | $19,500.00 | 8.00% | $23,383.63 | Plan |
| American Honda Finance Corp. | 2020 Honda H-RV | $17,000.00 | 8.00% | $20,385.74 | Plan |

F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney's fees</u>. Complete only one of the following options:

        a. In addition to the retainer of $ **1,310.00** already paid by the Debtor, the amount of $ **5,323.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
       *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B. **Priority Claims (including, certain Domestic Support Obligations)**

    Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $8,000.00 |

3

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. UNSECURED CLAIMS

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
      *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. VESTING OF PROPERTY OF THE ESTATE.

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☑ plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. DISCHARGE: (Check one)

   ☑ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

**9.    NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:    **December 17, 2025**                                **/s/ Joseph Quinn**
                                                                **Joseph Quinn**
                                                                Attorney for Debtor

                                                                **/s/ Maurice Timothy Franklin**
                                                                **Maurice Timothy Franklin**
                                                                Debtor

                                                                **/s/ Tonya Nicole Franklin**
                                                                **Tonya Nicole Franklin**
                                                                Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.